UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| THOMAS ZELL, | ) | |
|---|---|---|
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-196 JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Movant Thomas Zell's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. No. 1). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

On September 26, 2013, Movant pled guilty to two counts of a two-count indictment in Case No. 4:13-CR-00222 JAR. Count 1 charged Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) and 18 U.S.C. § 2252A(b)(1); Count 2 charged Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2252A(b)(2). On January 9, 2014, Movant was sentenced to concurrent terms of 198 months imprisonment on each of Counts I and II, to be followed by supervised release for a term of life. His sentence was not enhanced under the Armed Career Criminal Act ("ACCA") and none of the sentencing guidelines used to determine his offense level implicated the vagueness language of the residual clause of the ACCA. Movant's counsel also filed a Notice of Compliance with Local Rule 12.07(A) on January 9, 2014, indicating that Movant did not request that counsel file a notice of appeal on his behalf; Movant did not file a direct appeal. Movant filed his motion under § 2255

on February 12, 2016. He claims his sentence was imposed in violation of his right to due process and, as imposed, "runs afoul of the Supreme Court's decision in Johnson v. United States."[1] He seeks to be resentenced.

**Discussion**

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

…

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

…

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and subject to dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final on January 24, 2014, fourteen days after it was entered on January 9, 2014. Fed. R. App. P. 4(b)(1)(A). Thus, Movant had until January 24, 2015 to file his § 2255 petition. He placed his motion in the prison mailing system on February 8, 2016, one year and 15 days (excluding the end date) after the deadline for filing had passed. See Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999) (prison mailbox rule). As a result, the motion is untimely unless a new right, made retroactive by the Supreme Court, provides Movant with relief. Movant contends his motion is timely because he filed it within a year of the Supreme Court's decision in Johnson.

---

[1] Johnson v. United States, 135 S.Ct. 2551 (2015).

In <u>Johnson</u>, the Supreme Court held that the "residual clause" of the ACCA is unconstitutionally vague. 135 S.Ct. at 2557-58. <u>Johnson</u> applies only to sentences enhanced under the ACCA. Because Petitioner's sentence was not enhanced under the ACCA, <u>Johnson</u> has no application to Movant's case. Further, Movant advances no theory for equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Burns v. Prudden</u>, 588 F.3d 1148, 1150 (8th Cir. 2009). Upon review, the Court finds nothing in the record here that warrants equitable tolling.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [1] is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate judgment of dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 10th day of January, 2017.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**